# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| RONN DARNELL STERLING, BOP No. 04119-043, Movant, v. UNITED STATES OF AMERICA, Respondent. | : : : : : : : : | MOTION TO VACATE 28 U.S.C. § 2255 CIVIL ACTION NO. 1:12-CV-1456-CAP-ECS CRIMINAL ACTION NO. 1:10-CR-53-2-CAP-ECS |

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on three post-trial motions filed pro se by federal inmate Ronn Darnell Sterling. [Doc. Nos. 174, 182, 185]. For the following reasons, the undersigned recommends that those motions be denied.

On January 20, 2012, Sterling and a co-defendant were convicted of bank robbery and related crimes. [Doc. No. 147]. Sterling received a "total custodial sentence of 562 months." [Doc. No. 166 at 2]. Sterling moved for a new trial. [Doc. No. 157]. That motion was denied. [Doc. No. 179]. Sterling now has a direct appeal pending. See United States v. Sterling, No. 12-12255-EE (11th Cir. Apr. 26, 2012) (available on www.pacer.gov; last viewed November 28, 2012); see also [Doc. Nos. 169, 173, 188].

Although Sterling is still represented by counsel, he has begun filing motions pro se. Sterling's first pro se motion is entitled "Certified Motion to Correct/Vacate Sentence Pursuant to Rule 35(a); and to Compel Probation Department to Furnish Pre-

sentence Report Pursuant to Rule 32(e)."  [Doc. No. 174].  The Clerk of the Court construed this filing as a motion under 28 U.S.C. § 2255 and directed that a separate civil action be opened. Because this motion is not brought under § 2255 and Sterling's direct appeal remains pending, the undersigned **RECOMMENDS** that the civil action be **ADMINISTRATIVELY CLOSED**.  The undersigned further **RECOMMENDS** that the Rule 35(a)/Rule 32(e) motion be **DENIED WITHOUT PREJUDICE**, pending refiling, if necessary, after the Eleventh Circuit renders a decision in Sterling's direct appeal.

Sterling's second motion is entitled "Certified Motion to Disquilify [sic] Pursuant to 28 U.S.C. § 144."  [Doc. No. 182]. That motion is frivolous.  First, it was filed on April 18, 2012, more than two years after this case was initially assigned to the Honorable Charles A. Pannell, Jr., and it is untimely.  Second, the motion was not "accompanied by a certificate of counsel of record stating that it is made in good faith," as is required by the statute.  28 U.S.C. § 144.  Third, "the facts alleged" in Sterling's motion do not "show that the bias was personal, not judicial[,] in nature." Jones v. Commonwealth Land Title Ins. Co., 459 F. App'x 808, 811 (11th Cir. 2012).  The undersigned **RECOMMENDS** that this motion be **DENIED**.

AO 72A
(Rev.8/82)

Sterling's third motion is entitled "Motion to Dismiss for Lack of Jurisdiction Pursuant to Rule 12(b)(1); 12(b)(4); and 12(b)(6)." [Doc. No. 185]. This motion, brought under the Federal Rules of Civil Procedure, appears, in essence, to be a claim that federal courts lack jurisdiction to try criminal cases. See Id. at 1, where Sterling asserts that "the Advisory Committee for Judicial Rules unified criminal actions at law and admiralty with equity to secure only one form of action to be known as 'civil action'". The motion is patently frivolous. The undersigned accordingly **RECOMMENDS** that this motion be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 30th day of November, 2012.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)