UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RONN STERLING, | |
| Movant, | CRIMINAL ACTION NO. 1:10-CR-0053-2-CAP |
| v. | CIVIL ACTION NO. 1:15-CV-943-CAP |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

O R D E R

This action is before the court on the magistrate judge's report and recommendation ("R&R") [Doc. No. 277]. The movant has filed objections thereto [Doc. No. 282].

I. Standard of Review

In reviewing a magistrate judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the

district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation and internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

## II. Discussion

### A. Background

The movant and his co-defendant Cornell Brumfield were indicted for aiding and abetting one another pursuant to 18 U.S.C. § 2 in committing the substantive crimes of (1) armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d); (2) possession of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) and (c)(1)(C)(i); and (3) possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). Superseding Indictment [Doc. No. 120].

The movant and his co-defendant were tried before a jury beginning on January 17, 2012. On January 20, 2012, the jury convicted both defendants on all counts [Doc. No. 147]. This court sentenced the movant to 562 months' imprisonment [Doc. No. 166].

After the movant filed a timely notice of appeal, the Eleventh Circuit affirmed the movant's and his co-defendant's convictions and sentences by order dated November 21, 2013. *United States v. Sterling*, 738 F.3d 228 (11th Cir. 2013). The Eleventh Circuit considered and rejected the movant's arguments that (1) the trial court erred in conducting the trial in his absence and; and (2) evidence of prior convictions were improperly introduced at trial. *Id.* at 235-38.

### B. Section 2255 Motion

The movant now collaterally challenges his convictions and sentences. He raises fifteen grounds for relief based on ineffective assistance of counsel, one ground for relief based on the cumulative effect of the ineffective assistance, and one ground for relief based on the court's authority to fashion a sentence consistent with the a defendant's characteristics and history.

### 1. Ineffective Assistance of Counsel Claims

Under the Sixth Amendment, a defendant has the right to "reasonably effective" legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687

(1984). To show constitutionally ineffective assistance of counsel, a petitioner must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him. *Id.* at 690-92; *Bottoson v. Moore*, 234 F.3d 526, 532 (11th Cir. 2000) (stating that the court may resolve an ineffective assistance claim based on either prong).

Under the first prong, a movant must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. "[C]ounsel's conduct is presumed reasonable, [and] a petitioner must establish that no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). To prove ineffectiveness, a movant must show that his attorney's representation "fell outside the wide range of professionally competent assistance." *Id.* at 1314 (internal quotation marks omitted). When evaluating an attorney's performance, the court must be highly deferential and "avoid second-guessing counsel's performance." *Id.* Moreover, when reviewing counsel's performance, the court "must evaluate the reasonableness of counsel's performance from counsel's perspective at the time," not with the distortion of hindsight. *Id.* at 1316.

Under the second *Strickland* prong, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Fourteen of the fifteen individual allegations of ineffective assistance are actions the movant contends his attorney should have undertaken but did not (Grounds 1 – 13 , 15). One allegation challenges an action his attorney did take that the movant contends he should not have (Ground 14). The magistrate judge reviewed each claim separately.

In the R&R, the magistrate judge concluded that most of the actions now urged by the movant (Grounds 1, 2, 8, 10, 11, 12, 13, 14, and 15) would have been unsuccessful or even frivolous; therefore, counsel's actions or inactions on the issues raised cannot be shown to fall "outside the wide range of professionally competent assistance." *Chandler*, 218 F.3d 1305, 1314.

Additionally, the magistrate judge concluded that a number of the allegations of ineffective assistance (Grounds 4, 6, 7, and 9) are examples of strategic decisionmaking in which counsel chose alternative means to achieve the same purpose as the actions the movant now, in hindsight, claims should have been taken. Because there was no showing that the decisions employed

5

by counsel were so patently unreasonable that no competent attorney would have chosen them, the magistrate judge determined that these allegations did not demonstrate incompetent assistance.

Next, the magistrate judge concluded that one allegation of ineffective assistance (Ground 3) complains that counsel failed to take an action that counsel did in fact take; therefore there was no professional deficiency. Finally, the magistrate judge concluded that one allegation of ineffective assistance (Ground 5) was subject to dismissal because it was substantively the same as two other grounds within the motion to vacate.

The movant filed voluminous objections to the R&R [Doc. No. 282]. Despite the order stating that objections shall specify with particularity the alleged error or errors made by the magistrate judge [Doc. No. 278], the movant, for the most part, simply re-argued each ground for relief contained in his motion to vacate. With regard to the magistrate judge's conclusions that none of the allegations of ineffective assistance of counsel demonstrated conduct falling outside the wide range of professionally competent assistance, the movant did nothing more that set forth his disagreement with each determination. In fact, the movant's objections focus much more on arguing that he was prejudiced by his attorney's failures rather than than rebutting the strong presumption that his counsel's performance was reasonable.

*Chandler*, 218 F.3d 1305, 1314. However, a court need not address both prongs of *Strickland's* test if the movant "makes an insufficient showing on one." *Bottoson,* 234 F.3d at 532..

This court has reviewed de novo the fifteen individual allegations of ineffective assistance of counsel.[1] In scrutinizing the performance of counsel here, the court was highly deferential and indulged "a strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." *Chandler*, 218 F.3d 1305, 1314. Through this lens, the court cannot find that any of the alleged deficiencies urged by the movant were actions that no competent lawyer would have taken. *See id.* at 1315. Accordingly, the movant has failed to carry his burden with respect to the first prong of *Strickland*. Therefore, the movant's objections to the recommendation of denial of his fifteen individual grounds for relief are OVERRULED, and his claims of ineffective assistance of counsel (Grounds 1 through 15) are DENIED.

---

[1] In light of the movant's objection to the magistrate judge's determination that Ground 5 was a repackaging of Grounds 2 and 4, the court reviewed Ground 5 substantively.

7

### 2. Cumulative Effect Claim (Ground 16)[2]

In Ground 16, the movant argues that the cumulative effect of the individual instances of ineffective assistance of counsel violated his right to due process. Citing *United States v. Azmat*, 805 F.3d 1018, 1045 (11th Cir. 2015), the magistrate judge concluded that because the movant failed to establish any individual error, there could be no accumulation of errors to support Ground 16. The movant objects to the R&R and again sets forth his disagreement with the magistrate judge's conclusions regarding the individual allegations of ineffective assistance of counsel.

As discussed above, this court has reviewed each of the separate claims of deficient performance alleged by the movant in Grounds 1 through 15 and finds no instance of conduct by counsel that falls outside the "wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Therefore, there can be no cumulative error. Accordingly, the movant's objection to the recommendation of denial of his sixteenth ground for relief is OVERRULED,

---

[2] In note 2 of the R&R, the magistrate judge recognizes that in the initial motion to vacate, the movant included a "Ground Sixteen(A)," but then conceded in his reply brief that this ground does not warrant relief. In his objections, the movant references "Ground Sixteen (A)" and lists three issues he states that cannot be raised under the current state of the law, but requests to preserve the claims for future filings. Because the movant concedes that these claims cannot be supported under current law, the claims are not addressed herein.

8

and his claim based on the cumulative effect of ineffective assistance of counsel is DENIED.

### 3. Authorization to Fashion Sentence (Ground 17)

In Ground 17, the movant invoked "This Court's Authority to Fashion a Sentence Consistent With Respect To History And Characteristic of the Defendant." The magistrate judge found that the relief sought in this claim falls beyond the scope of § 2255 and pointed out that the undersigned did consider the movant's history and characteristics in imposing sentence. In his objections, the movant does not challenge the finding that the claim was outside of relief afforded by § 2255 but asks this court to exercise its discretion to reduce his sentence, which he contends is excessive.

A court may not modify a sentence once it has been imposed except under the limited circumstances set forth in 18 U.S.C. § 3582(c). None of these circumstances are present in the movant's case. Accordingly, the movant's objections with respect to Ground 17 are OVERRULED, and this claim for relief is DENIED.

### 4. Co-Defendant's § 2255

At the conclusion of his objections, the movant requests to incorporate his co-defendant's § 2255 arguments and issues raised. Co-Defendant Brumfield raised ineffective assistance of counsel claims and an actual

innocence claim. These claims are specific to Brumfield and cannot be adopted by the movant. Futhermore, in an order issued contemporaneously with this one, Brumfield's § 2255 claims were found to be meritless.

### 5. Certificate of Appealability ("COA")

Section 2253 sets forth the standard a movant must satisfy to obtain appellate review of this court's disposition of his § 2255 motion to vacate:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -
>
> (A) the final order in a habeas corpus proceeding which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c)(1-3). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S.

473, 484 (2000) (internal quotations omitted). The magistrate judge found that the movant could not meet that standard.

In his objections to the R&R, the movant contends that he should be granted a COA as to the following issues: "when counsel does not present a defense that coherently move [sic] in a particular direction; when counsel choose [sic] not to attack the evidence of the Prosecution's case in a delineated fashion, with no strategic plan of defense, could this be considered deficient performance?" These non-specific and hypothetical questions are not deserving of a COA. Moreover, as set forth above, the movant's claims raised in his § 2255 are wholly without merit. Accordingly, the movant is denied a COA. The movant may request a circuit judge to issue a COA since this court has denied the same. Fed. R. App. P. 22 (b)(1, 2). "Under the plain language of the rule, an applicant for the writ gets two bites at the appeal certificate apple: one before the district judge, and if that one is unsuccessful, he gets a second one before a circuit judge." *Jones v. United States*, 224 F.3d 1251, 1255 (11th Cir. 2000) (quoting *Hunter v. United States*, 101 F.3d 1565, 1575 (11th Cir. 1996)).

## III. Conclusion

Based on the foregoing, the movant's objections [Doc. No. 282] are OVERRULED, and the magistrate judge's R&R [Doc. 277], as reviewed herein, is ADOPTED as the order of the court.

IT IS ORDERED that the motion to vacate [Doc. 243] is DENIED, and that a COA is DENIED.

The clerk is DIRECTED to close the civil action associated with the filing of the motion to vacate.

SO ORDERED, this  5th  day of March, 2018.

/s/CHARLES A. PANNELL, JR.
CHARLES A. PANNELL, JR.
United States District Judge